UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| KAREN HEIMANN, individually and on behalf of all others similarly situated, | : : : | 23 Civ. 954 |
| Plaintiff, | : : | |
| - against - | : : | **COMPLAINT AND** |
| | : | **DEMAND FOR JURY TRIAL** |
| LINGUA FRANCA NYC INC., and RACHELLE HRUSKA a/k/a RACHELLE HRUSKA MACPHERSON, | : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Karen Heimann (hereinafter "Heimann"), individually and on behalf of all others similarly situated, by her attorney, Isaacs Bernstein, P.C., complains of defendants, Lingua Franca NYC Inc., (hereinafter "Lingua Franca") and Rachelle Hruska a/k/a Rachelle Hruska MacPherson (hereinafter "Hruska"), as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, a stitcher employed by Defendant garment processor and its principal from 2016 until the present, complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. and the New York Minimum Wage Act (N.Y. Labor Law §§ 651 *et seq.*) that she is owed back wages, *i.e.*, overtime pay for hours worked in excess of 40 per workweek and compensated only at piece rates, by Defendants.

2.      Plaintiff, seeking overtime premium pay, liquidated damages and state-law interest, brings this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because Plaintiff performed labor and services at Defendants' offices, which offices are located within the Southern District of New York, and because plaintiff performed labor and services at premises maintained by the defendants in the Southern District of New York.

## PARTIES

5. At all relevant times, Defendant Lingua Franca NYC Inc. was and is a domestic business corporation organized under the laws of the State of New York. At all relevant times, Lingua Franca had a principal place of business at 113 Jane Street in the City, County and State of New York.

6. At all relevant times, Hruska was and is the principal and Chief Executive Officer of Lingua Franca. At all relevant times, Hruska directed Plaintiff's work for Defendants. At all relevant times, Hruska exercised sufficient control over Lingua Franca to be considered Plaintiff's employer within the meaning of the FLSA and the Labor Law.

7. Ms. Heimann is a natural person, currently residing in the County of Kings, City and State of New York.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as pieceworkers at Lingua Franca at any time between February 7, 2020 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

9. Defendants are liable under the FLSA for failing to compensate Plaintiff properly. Upon information and belief, there are many similarly situated current and former employees of Defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to Defendants, are readily identifiable, and can be located through the use of Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

10. Plaintiff's Consent to Join Collective Action is annexed hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

11. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

12. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

13. Lingua Franca is a manufacturer and processor of garments. It markets itself as a line of sustainably-sourced, fair trade luxury cashmere sweaters, all hand-stitched by women in

New York City.

14. Ms. Heimann's job at Lingua Franca was and is to embroider ornamentation on sweaters that Defendants will ultimately market to their customers.

15. Ms. Heimann and her similarly situated co-workers regularly work and/or worked in excess of forty (40) hours in the workweek. However, Ms. Heimann and her co-workers were and/or are not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

16. From the beginning of Ms. Heimann's employment at Lingua Franca until January 2023, she performed work both at Defendants' offices (hereinafter "office work") and at her own home (hereinafter "homework"). Since January 2023, Ms. Heimann has performed exclusively homework for Defendants.

17. At all relevant times, Defendants compensated office work at hourly rates. Defendants compensated homework at piece rates.

18. Defendants paid overtime premium pay only for office work and not for homework. That is, if Ms. Heimann worked more than 40 hours per workweek in Lingua Franca's office, she was paid time and a half for those overtime hours. However, the hours spent performing homework were not included in Lingua Franca's calculation of overtime premium pay. For example,

> a. During the December 10-16, 2022 pay period, Ms. Heimann worked 42.25 hours in Lingua Franca's office. She was paid for 40 hours at $22.50 per hour and for 2.25 hours at $33.75 per hour. She was also paid $678.84 at piecework rates for homework performed that week. Upon information and belief, that homework

required 28 hours labor. Accordingly, Ms. Heimann performed 70.25 hours work during the subject week. She was not paid overtime premium pay for 26 hours work.

    b.   During the November 26-December 2, 2022 pay period, Ms. Heimann worked 38.95 hours in Lingua Franca's office. She was paid for those hours at $22.50 per hour. She was also paid $407.25 at piecework rates for homework performed that week. Upon information and belief, that homework required 20 hours labor. Accordingly, Ms. Heimann performed 58.95 hours work during the subject week. She was not paid overtime premium pay for 18.95 hours work.

19.    From the beginning of Ms. Heimann's employment until approximately mid-2021, Defendants compensated homework at the rate of $20.00 per garment.

20.    Upon information and belief, Defendants adjusted the piecework rates paid in mid-2021 for each particular style of sweater based on its assessment of the amount of time required to perform the work. For example, Defendants paid Ms. Heimann $24.75 to embroider the words "Here Comes the Sun" on a crew sweater (Order No. 316324) because they determined that it would take approximately 1.25 hours to do so.

21.    That is, the hourly rate equivalent of the piece rate paid for Order No. 31624 was $19.80.

22.    Although the hourly rate equivalent paid for homework sometimes equaled or slightly exceeded the nonovertime hourly rates paid for office work, at no time did the hourly rate equivalent of the piece rates paid approach the overtime hourly rates paid for office work. Consequently, to the extent that homework (alone or in combination with office work) exceeded

40 hours per workweek, such homework was never compensated at 1.5 times the regular rate of pay.

23. Defendants paid Ms. Heimann and her similarly situated coworkers the same piece rates regardless of how much homework they did each week. That is, Defendants did not pay a premium piece rate for homework to the extent that homework exceeded 40 hours per week.

24. Upon information and belief, Defendants made, kept and preserved records as required by 12 N.Y.C.R.R. § 146-2.6(5).

25. Upon information and belief, Defendants failed to make, keep and preserve records as required by N.Y. Labor Law § 195(4).

26. Upon information and belief, Defendants failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

27. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 26 of this Complaint.

28. Although Plaintiffs and their similarly situated co-workers often worked over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

29. Under 29 C.F.R. § 778.11, pieceworkers are entitled to an additional one-half of their regular rates of pay from time to time for each week in which they work in excess of 40 hours.

30. Plaintiffs and their similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

31. Defendants' actions were willful.

32. Plaintiff is accordingly entitled to back pay, liquidated damages and attorney's fees.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

33. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 32 of this Complaint.

34. Under 12 N.Y.C.R.R. § 142-2.9, overtime premium pay is required for each week of work, regardless of whether the wage is on a piece rate or any other basis.

35. Plaintiff and her similarly situated coworkers have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

36. Defendants' actions were willful within the meaning of Labor Law § 663.

37. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by the Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

2. Directing defendants to pay federally-mandated overtime premium pay to plaintiff and to such persons as may opt in to this action;

3. Directing defendants to pay liquidated damages under the FLSA to plaintiff and such persons as may opt in to this action;

4. Directing defendants to pay New York state-law overtime premium pay to plaintiff and to such persons as may opt into this action;

5. Directing defendants to pay liquidated damages under the New York Labor Law to plaintiff and such persons as may opt into this action;

6. Directing defendants to pay pre-judgment interest to plaintiff and such persons as may opt into this action as authorized by New York law;

7. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff as secured by the New York Labor Law;

8. Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

9. Granting such other and further relief as this Court deems necessary and proper.

Dated: Yardley, Pennsylvania
      February 5, 2023

ISAACS BERNSTEIN, P.C.

By: _____/s/_____

Jonathan A. Bernstein
Attorneys for Plaintiff
2108 Yardley Road
Yardley, Pennsylvania 19067
(917) 693-7245
jb@lijblaw.com

9

# EXHIBIT 1

## PLAINTIFF CONSENT FORM

I consent to be a party plaintiff in the lawsuit entitled Heimann v. Lingua Franca NYC Inc., in order to seek redress for alleged violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

1. Please fill in the following information:

Karen Heimann
Full legal name (print)

heimann.karen@gmail.com
Email address

744 Coney Island Ave., Apt. 3
Street Address

(917) 807-6522
Telephone number

Brooklyn, New York 11218
City, State, Zip Code

2. Please select from one of the following options:

__X__ I wish to be represented by Isaacs Bernstein, P.C. ("the Firm") and consent to the terms of such representation, including the contingency fee arrangement and any other terms set forth in the retainer agreements with the Named Plaintiff. By selecting this option, and by signing and returning this consent forms, I designate the Firm to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that I may, at any time, contact Isaacs Bernstein, P.C. to obtain a copy of such agreement.

____ I wish to be represented by my own attorney. If you have selected this option, please state your attorney's name, address, and phone number. Your attorney must file a notice of appearance promptly with the clerk of the court.

_____

_____

3. Signature

*KAREN HEIMANN*
KAREN HEIMANN (Feb 5, 2023 12:09 EST)

Feb 5, 2023
Date