UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN HEIMANN,

                          Plaintiff,

            -against-                                                23 Civ. 954 (AT)

LINGUA FRANCA NYC INC., and RACHELLE                                **ORDER**
HRUSKA a/k/a RACHELLE HRUSKA
MACPHERSON,

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   7/19/2023
```

ANALISA TORRES, District Judge:

Plaintiff, Karen Heimann, brings this action against Defendants Lingua Franca NYC Inc.
and Rachelle Hruska a/k/a Rachelle Hruska Macpherson, alleging violations of the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et
seq.* for failure to pay overtime wages and retaliation. *See generally* ECF No. 17. Having reached
a settlement (the "Settlement"), ECF No. 26-1, the parties seek the Court's approval of their
proposed settlement agreement. *See* Letter, ECF No. 26.

For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor
conditions detrimental to the maintenance of the minimum standard of living necessary for health,
efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that
there are often great inequalities in bargaining power between employers and employees, Congress
made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or
bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of*

*Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $10,867.39, excluding attorney's fees. Letter at 4; Settlement ¶¶ 1(a)–(b).  Plaintiff estimates her best-case recovery to be $20,500 "plus attorney's fees," meaning that the proposed settlement offer is roughly 53.01% of the possible recovery under Plaintiff's best-case scenario for damages.  Letter at 4.  In addition, the parties state that the "Settlement is the product of arms-length bargaining untainted by fraud or collusion." *Id.* at 2 n.2; *id.* at 4.  Plaintiff was represented by experienced counsel throughout the mediation.  *Id.* at 4.

However, although the parties acknowledge that any litigation would likely have been protracted, the parties do not explain the extent to which the settlement will enable them to avoid anticipated burdens and expenses in establishing their respective claims and defenses.  The parties also fail to explicitly state the risks faced by the parties in the litigation, beyond their desire "to avoid the considerable uncertainty and risks of litigation." *Id.* at 2.  The Court, therefore, cannot find that the factors outlined in *Wolinsky* are met.

In addition, the Settlement contains a liability release that is overbroad in two respects. Settlement ¶ 3.  The release is overbroad as to Plaintiff, binding individuals who are not part of this lawsuit.  *Id.* (releasing Plaintiff's "heirs, executors, administrators, successors[,] and assigns"). And, Plaintiff is afforded no release from liability whatsoever.  *See generally* Settlement; *Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018) (collecting cases).

The Court cannot conclude that the Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Settlement.

In addition, the Settlement contains a no re-hire provision, Settlement ¶ 5, a clause which is consistently rejected in this Circuit for being "highly restrictive" and "in strong tension with the remedial purposes of the FLSA." *Flores v. Greenwich BBQ LLC*, No. 20 Civ. 9514, 2021 WL 2228969, at *2 (S.D.N.Y. May 21, 2021) (citation omitted); *Vega v. Brown Roofing Co., Inc.*, No. 21 Civ. 64, 2021 WL 6048926, at *4–5 (D. Conn. Nov. 19, 2021) (collecting cases).  Accordingly, the Court shall not approve this provision.

Turning to attorney's fees and costs, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds in the amount of $6,132.61 (including attorney's fees and costs).  Letter at 4; Settlement ¶ 1(c).  Plaintiff's counsel, Jonathan Bernstein, has filed billing records for $12,232.50 in fees and $698.92 in costs.  ECF No. 26-2 at 4.  In the Letter, Plaintiff's counsel states that "[t]ime allocable to the retaliation claims is shown as 'non-billable,'" Letter at 4 n.4, but the records submitted to the Court do not reflect that, ECF No. 26-2 at 1–3.  Counsel has not identified the total amount of hours spent on litigating Plaintiff's non-retaliation claims.  Due to these issues, the Court is unable to assess the reasonableness of the fee award sought or perform a lodestar cross-check.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181–82 (S.D.N.Y. 2015).  Accordingly, the Court shall not approve the fee request in its current form.

The Court finds the costs, which are supported by documentation, ECF No. 26-2 at 4, to be reasonable.  *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020).

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal.  By **August 2, 2023**, the parties may file a revised letter and settlement agreement consistent with this order.

SO ORDERED.

Dated: July 19, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge