UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/8/2023__
```

KAREN HEIMANN,

        Plaintiff,

-against-

LINGUA FRANCA NYC INC., and RACHELLE HRUSKA a/k/a RACHELLE HRUSKA MACPHERSON,

        Defendants.

23 Civ. 954 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Karen Heimann, brings this action against Defendants Lingua Franca NYC Inc. and Rachelle Hruska a/k/a Rachelle Hruska Macpherson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law § 190 *et seq.* for failure to pay overtime wages and retaliation. *See generally* ECF No. 17. After reaching a settlement (the "Settlement"), ECF No. 26-1, the parties sought the Court's approval of their proposed settlement agreement. *See* ECF No. 26. On July 19, 2023, the Court denied the parties' motion without prejudice to renewal (the "Order"). ECF No. 27. Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 28-1, and the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 28.

For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

I.    <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress

made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still,

"counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

In the Revised Letter, the parties state that settlement "avoid[s] the considerable uncertainty and risks of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter." Revised Letter at 2. The parties specify that litigating the number of hours Plaintiff worked, for instance, "would likely lead to significant factual disputes[,]" and that "settlement at this juncture avoids the uncertainty as to the key unresolved legal questions" concerning Plaintiff's employment status vis-à-vis Defendants. *Id.* The parties state that the latter dispute "creates tangible risk for both [p]arties." *Id.*

Having satisfied these factors and the other *Wolinsky* factors, *see generally* Revised Letter; Revised Settlement; *see also* Order at 3, the Court concludes that the Revised Settlement meets each of the *Wolinsky* factors.

The Court previously found that the Settlement's liability release provision was too broad. Order at 3. The Revised Settlement narrows the scope of the release clause, which now applies to Plaintiff instead of numerous individuals beyond Plaintiff. Revised Settlement ¶ 3. However, the Revised Settlement does not afford Plaintiff release from liability. *See generally* Revised Settlement; *Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018) (collecting cases). The parties state that "[b]ecause of the limited nature of the release, the [Revised Settlement] does not contemplate a general release of claims by Defendants against Plaintiff[,]" and that the Revised Settlement "does include a representation by Defendants that they have no known claims against Plaintiff." Revised Letter at 5; *see also* Revised Settlement ¶ 3 ("Defendants represent and warrant that they have no known claims against Plaintiff."). The Court cannot approve of this

non-mutual release that only protects Defendants. *Sanders*, 2018 WL 620492, at *4. Accordingly, the Court shall not approve the Revised Settlement.[1]

Turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds in the amount of $6,132.61 (consisting of $5,433.69 in attorney's fees and $698.92 in costs). Revised Letter at 4–5; Revised Settlement ¶ 1(c).[2] Plaintiff's counsel, Jonathan Bernstein, states that he "has been litigating FLSA cases in this [D]istrict for over [twenty] years." Revised Letter at 2 n.2. "Courts in this District have awarded a range of hourly fees—typically between $250 and $450—for employment litigation cases." *Rodriguez v. Globe Inst. of Tech.*, No. 15 Civ. 1435, 2016 WL 5795127, at *5 (S.D.N.Y. Aug. 10, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 5818573 (S.D.N.Y. Oct. 4, 2016). Based on his experience with FLSA cases, the Court concludes that the $400 per hour rate requested by Bernstein is reasonable. *See Zhen Ming Chen v. Y Café Ave B. Inc.*, No. 18 Civ. 4193, 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).

But, contrary to Bernstein's assertion that he has corrected the errors identified in the Order, Revised Letter at 5 n.4, Bernstein's application still does not identify the total amount of hours spent litigating this matter. *Id.* at 5 (noting only that his billing rate is $400 per hour); Ex. 2, ECF No. 28-2. The contemporaneous time records submitted in connection with Bernstein's renewed request for fees deletes "[n]on-billable services," Ex. 2 at 4; *see also* Order at 4, but the hours subtotal reflected in Bernstein's submission is higher than the one in Bernstein's initial application, *compare* Ex. 2 at 4 (35.6 hours), *with* ECF No. 26-2 at 4 (33.3 hours). The hours listed on Bernstein's time records add up to 33.3 hours, not 35.6. On this record, the Court cannot perform a lodestar cross-check. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181–82 (S.D.N.Y. 2015). Accordingly, the Court shall not approve the attorney's fees request in its current form.

---

[1] In the Order, the Court also determined that it could not approve the no re-hire provision in the Settlement. Order at 4. That provision has since been removed from the Revised Settlement. *See generally* Revised Settlement.
[2] The Court previously found that Plaintiff's counsel's request for costs was reasonable. Order at 4.

4

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **August 15, 2023**, the parties may file a revised letter and settlement agreement consistent with this order.

SO ORDERED.

Dated: August 8, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge