UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint of:

KAREN HEIMANN, Individually and on behalf of all others similarly situated,

      Plaintiff,

- against -

LINGUA FRANCA NYC INC., and RACHELLE HRUSKA a/k/a RACHELLE HRUSKA MACPHERSON,

      Defendants.

Case No: 23 Civ. 954 (AT)
(BCM)

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE ("Agreement")

  WHEREAS Plaintiff Karen Heimann ("Plaintiff") and Defendants Lingua Franca NYC Inc. (the "Company") and Rachelle Hruska MacPherson (together with the Company, "Defendants") (collectively, the "Parties") agree to the material terms of a settlement of the claims asserted by Plaintiff against Defendants in the case currently pending in the United States District Court, Southern District of New York, styled *Heimann v. Lingua Franca NYC, et al.*; Case No.: 1:23-cv-00954 (the "Action");

  WHEREAS, the Parties understand and agree that the Company denies each and every allegation of wrongdoing set forth by Plaintiff in the Action.

  WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by the Company of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

  WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to the Company;

1

WHEREAS, the Company desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiff; and

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiff and Defendants by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Consideration.** In consideration for Plaintiff signing this Agreement and complying with its terms, including the Release set forth herein, Defendants agree to provide Plaintiff with the total sum of Seventeen Thousand Dollars and No Cents ($17,000.00). This sum will be paid as follows:

   a. One check made payable to "Karen Heimann" in the amount of Five Thousand Four Hundred Thirty-three Dollars and Seventy cents ($5,433.70), less applicable payroll/tax withholdings, for alleged unpaid wages. The Company shall issue an IRS Form W-2 to Plaintiff for this payment.

   b. One check made payable to "Karen Heimann" in the amount Five Thousand Four Hundred Thirty-three Dollars and Sixty-Nine cents ($5,433.69), for alleged liquidated damages and penalties. The Company shall issue an IRS Form 1099-MISC to Plaintiff for this payment.

   c. One check made payable to "Isaacs Bernstein P.C." in the amount of Six Thousand One Hundred Thirty-two Dollars and Sixty-one cents ($6,132.61) for attorney's fees and costs. An IRS Form 1099 will be issued to both Isaacs Bernstein P.C. and Plaintiff with respect to this amount after the end of the calendar year in which this check is paid.

   d. The payments set forth in Sections 1(a)-(c) herein shall be sent to Plaintiff's counsel's office at 2108 Yardley Road Yardley, PA 19067 within thirty (30) days after the satisfaction of each of the following conditions: (i) the Company receives a copy of this Agreement executed by Plaintiff; (ii) the Company receives all necessary tax forms from Plaintiff and Plaintiff's counsel to effectuate the settlement payments; and the Court reviews and approves this agreement, dismissing the Action with prejudice.

   e. Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff acknowledges that she bears the responsibility to pay all taxes on the payment to her described in Paragraphs 1(b).

2. **No Consideration Absent Plaintiff's Material Representations and Promises.** Plaintiff understands and agrees that Plaintiff would not receive the consideration specified in paragraph "1" above except for Plaintiff's execution this Agreement and the fulfillment of the promises contained herein.

3. **Mutual Release**

   a. **Plaintiff's Release of Wage and Hour Claims** Plaintiff, voluntarily releases and forever discharges Rachelle Hruska Macpherson and the Company (collectively "Releasees"), of and from all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action, including, but not limited to, claims for retaliation, regular and overtime wages, minimum wages, penalties for violation of the NYLL's record keeping provisions, related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages and interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by both Parties.

   b. **Defendants' Release of All Claims** Defendants voluntarily release and forever discharge Plaintiff from all claims known and unknown.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

5. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts.** This Agreement may be executed in any number of counterparts, each or which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

9. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

PLAINTIFF IS HEREBY ADVISED IN WRITING THAT SHE HAS A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT AND TO CONSULT WITH HER ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH SHE AGREES THAT SHE HAS DONE.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HER ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE AND HOUR CLAIMS, PURSUANT TO PARAGRAPH 3, THAT PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Negotiated Settlement Agreement and General Release as of the date(s) set forth below:

KAREN HEIMANN

By: _Karen Heimann (Aug 15, 2023 10:58 EDT)_
Karen Heimann

Date: Aug 15, 2023

LINGUA FRANCA NYC, INC.

By: _Kate Hudson_
Name: Kate Hudson

Date: 8/14/2023

RACHELLE HRUSKA MACPHERSON

By: _Rachelle Hruska MacPherson_
Rachelle Hruska MacPherson

Date: 8/15/2023

4

4859-7307-4294, v. 1