```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KAREN HEIMANN,

                        Plaintiff,

          -against-                                    23 Civ. 954 (AT)

LINGUA FRANCA NYC INC., and RACHELLE                   ORDER
HRUSKA a/k/a RACHELLE HRUSKA
MACPHERSON,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/30/2023_

ANALISA TORRES, District Judge:

Plaintiff, Karen Heimann, brings this action against Defendants Lingua Franca NYC Inc. and Rachelle Hruska a/k/a Rachelle Hruska Macpherson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law § 190 *et seq.* for failure to pay overtime wages and retaliation. *See generally* ECF No. 17. After reaching a settlement, ECF No. 26-1, the parties sought the Court's approval of their proposed settlement agreement. *See* ECF No. 26. On July 19, 2023, the Court denied the parties' motion without prejudice to renewal ("July 19 Order"). ECF No. 27. The parties revised their settlement (the "First Revised Settlement"), ECF No. 28-1, and renewed their motion, ECF No. 28. On August 8, 2023, the Court denied the parties' renewed motion without prejudice to renewal ("August 8 Order"). ECF No. 29. Before the Court is the parties' revised settlement agreement (the "Second Revised Settlement"), ECF No. 30-1, and the parties' renewed motion for settlement approval ("Second Revised Letter"), ECF No. 30. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I. Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving

attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Court previously found that the First Revised Settlement met each of the *Wolinsky* factors. August 8 Order at 3. The Court finds that the Second Revised Settlement is materially unchanged as to the *Wolinsky* factors and, accordingly, is fair and reasonable.

The Court previously found that the liability release clause was too broad, July 19 Order at 3, and that the First Revised Settlement did not sufficiently narrow the scope of the liability release clause, August 8 Order at 3–4. Specifically, under the First Revised Settlement, Plaintiff released the Defendants from certain wage-related claims without any reciprocal release, and the Court refused to approve a "non-mutual release that only protects Defendants." *Id.* at 3–4. The Second Revised Settlement now includes a "release of all claims, known and unknown by Defendants against Plaintiff." Revised Letter at 5; *see also* Revised Settlement ¶ 3(b). Accordingly, the Court finds that the release clause in the Second Revised Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds in the amount of $6,132.61 (consisting of $5,433.69 in attorney's fees and $698.92 in costs). August 8 Order at 4; Second Revised Settlement ¶ 1(c).

The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ.

4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, Jonathan Bernstein, submitted contemporaneous time records that document his firm's work on this matter.[1] Second Revised Letter at 5; *see* ECF No. 30-2. Bernstein submitted time records demonstrating that he worked 29 billable hours at a rate of $400. *See* ECF No. 30-2. The Court previously concluded that the $400 per hour rate requested by Bernstein is reasonable. August 8 Order at 4.

Bernstein also submitted time records documenting 4.3 billable hours by an unidentified paralegal, for which he requested rates of $175 per hour. "[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *3 (S.D.N.Y. Dec. 9, 2021) (alteration in original) (citation omitted). "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672, 2020 WL 8880944, at *3 (S.D.N.Y. Apr. 15, 2020) (cleaned up). Because Plaintiff's counsel has provided no information about the paralegal, this Court is in no position to determine whether any unique skills weigh in favor of deviating from the norms. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). The Court, therefore, will reduce the paralegal's rate to $125 per hour in conducting the lodestar calculation.

---

[1] The Court had determined that Bernstein's prior time records were incomplete as they did not identify the total amount of hours that Bernstein spent litigating Plaintiff's non-retaliation claims. August 8 Order at 4. Bernstein's updated submission now separates the total of 33.3 billable hours from the 2.3 non-billable hours for the retaliation claim. ECF No. 30-2 at 4. The Court finds that Bernstein's fee application is thus supported by documentation.

Except in the respect just described, Plaintiff's counsel's billing records appear reasonable. The lodestar calculation, therefore, should include 29 hours at $400 for Bernstein ($11,600) and 4.3 hours at $125 for the paralegal ($537.50), for a lodestar amount of $12,137.50. Added to that are $698.92 in costs for a total of $12,836.42.[2]

The requested award is $6,132.61—a multiplier of 0.48 compared to the lodestar amount. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with the contingent fees in FLSA cases." *Diaz-Caballero*, 2020 WL 8880944, at *3 (citation omitted). On this basis, the Court accepts the multiplier of 0.48, particularly given that it amounts to approximately one-third of the settlement award.

Accordingly, the Court approves the Second Revised Settlement as fair and reasonable and shall grant Plaintiff's counsel's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval, Second Revised Letter, is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: August 30, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The Court previously found that Plaintiff's counsel's request for costs was reasonable. July 19 Order at 4.